UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Case No. 15-20482
                                                        HON. AVERN COHN

CHRISTOPHER CATLETT,

    Defendant.

_____/

### SENTENCING DECISION[1]

This is a criminal case. The Court has sentenced defendant to a custodial term of 72 months, followed by 10 years of supervised release, and payment of a $100.00 special assessment on his guilty plea to Distribution of Child Pornography. The costs of incarceration and supervised release are waived. Restitution is deferred for further consideration. Forfeiture has been ordered for property used in commission of defendant's criminal conduct.

On August 4, 2015, defendant, by Information, was charged with:

- Distribution of Child Pornography, in violation of 18 U.S.C. §2252A(a)(2)

- Receipt of Child Pornography, in violation of 18 U.S.C. §2252A(a)(2)

- Possession of Child Pornography, in violation of 18 U.S.C. §2252A(a)(5)(B)

On February 24, 2016, the government and defendant signed a Rule 11 Plea Agreement which essentially provides:

---

[1]This is a revision of the Court's comments on sentencing on September 28, 2016.

- defendant will plead guilty to Distribution of Child Pornography, in violation of 18 U.S.C. §2252A(a)(2)

- the other charges against defendant will be dismissed

- the guideline range for the offense of conviction is 151 to 188 months

- the offense of conviction carries a mandatory minimum of 60 months

- the term of supervised release is no less than five (5) years

- defendant will pay a special assessment of $100.00

- the Court will determine the amount of required restitution

- a description of the items to be forfeited

- defendant is required to register as a sex offender under state and federal registration requirements

- defendant waives his appeal rights

The Factual Basis for the Guilty Plea states:

> In or around January, 2015, a special agent (SA) with the Federal Bureau of Investigation (FBI) received a copy of an online account from a foreign law enforcement authority that has been investigating child pornography activities. The contents of the online account showed that defendant Christopher Catlett had been posting child pornography materials to a website between October 2013, and December 2014. A federal search warrant was executed at defendant's residence in Oak Park, Michigan, and several pieces of electronic media were removed from the home, including several laptops, an iPad, thumb drives and external storage devices. Over 600 images and videos depicting child pornography were found. The images and videos depicted minor, pre-pubescent children engaged in sexual acts with adults. Some of the images depicted bestiality and children engaged in sadomasochistic scenarios.
>
> Catlett obtained the child pornography from the internet and used the internet to distribute child pornography to other internet users. The internet is a means and facility of interstate or foreign commerce. Oak Park, Michigan, is in the Eastern District of Michigan, Southern Division.

Defendant pled guilty on February 25, 2016. The colloquy at the plea hearing

2

reflects the customary questions and answers at such a hearing, and particularly:

- the defendant acknowledged his guilt

- the defendant acknowledged that he engaged in the distribution of child pornography over the internet from his home in Oak Park, Michigan

II.

A psychological assessment of the defendant states in summary:

- defendant has a Schizoid Personality Disorder as well as a Pedophile Disorder

- defendant functions in the average to above average range of intelligence

- the presence of the Schizoid Personality Disorder is a condition characterized by a pervasive pattern of detachment from social relationships and a restricted range of expression or emotion in interpersonal settings

- defendant's Schizoid Personality traits leave him at a decreased risk of contact offenses

- defendant will benefit from participation in individual and/or group psychotherapy

III.

The Presentence Investigation Report, which is not part of the public record, includes, as is customary, a detailed account of defendant's offense, including charge and offense conduct, a computation of the offense level and criminal history of defendant, which is consistent with the plea agreement and no criminal history. The computation of the offense level follows:

**Count 1: Distribution of Child Pornography**

**Base Offense Level:** The guideline for 18 U.S.C. §2252A(a)(2) offenses is found in USSG §2G2.2 of the guidelines.  That section provides for a base offense level of 22.  USSG §2G2.2(a)(2)     **22**

**Specific Offense Characteristics:** Two levels are added as the defendant possessed images involving a minor who had not attained the age of 12 years.  USSG §2G2.2(b)(2).     **+2**

**Specific Offense Characteristics:** As the offense involved distribution, a two-level increase is applied.  USSG §2G2.2(b)(3)(f).     **+2**

**Specific Offense Characteristics:** As the offense involved material that portrayed sadistic or masochistic conduct, a four-level increase is applied.  USSG §2G2.2(b)(4).     **+4**

**Specific Offense Characteristics:** Two levels are added as the defendant used a computer.  USSG §2G2.2(b)(6).     **+2**

**Specific Offense Characteristics:** Five levels are added as the defendant possessed more than 600 images.  USSG §2G2.2(b)(7)(D).     **+5**

**Victim Related Adjustment:** None.     **0**

**Adjustment for Role in the Offense:** None.     **0**

**Adjustment for Obstruction of Justice:** None.     **0**

**Adjusted Offense Level (Subtotal):**     **37**

**Chapter Four Enhancement:** None.     **0**

**Acceptance of Responsibility:** The defendant has clearly demonstrated acceptance of responsibility for the offense.  Accordingly, the offense level is decreased by two levels.  USSG §3E1.1(a).     **-2**

**Acceptance of Responsibility:** The defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the intention to enter a plea of guilty. Accordingly, the offense level is decreased by one additional level. USSG §3E1.1(b).     **-1**

**Total Offense Level:**     **34**

The characteristics of the offender display nothing exceptional, and includes an account of defendant's participation in outpatient sex offender therapy, which reads:

> Mr. Catlett has been motivated to eliminate his interest in CSAM (child sexually abusive material). He is aware of the damage caused to the victims of CSAM. He is identifying and correcting his thinking errors he used to justify his use of CSAM. He is learning his particular cycle of sexual offending with appropriate detours. He is developing a solid relapse prevention plan.

The Report includes defendant's employment record and financial condition. The Report also includes the sentencing options open to the Court, and the factors to be considered in sentencing.

IV.

The government and defendant have each furnished the Court with a sentencing memorandum urging on the Court their respective views of an appropriate sentence. No good purpose will be served by a detailed discussion of the reasons for the positions of the parties. Importantly, the government has recommended a sentence of 96 months, which represents a significant variance from the guideline range of 151 to 188 months. In making its recommendation the government states:

> A sentence of 96 months will incapacitate and significantly deter Catlett, but will also serve as an adequate deterrent to others who are inclined to involve themselves in the trading and acquisition of child pornography.

The sentencing memorandum of defendant is lengthy; it argues in support of a recommendation of 60 months, the mandatory minimum. Of significance is the following excerpt from the memorandum:

> The guideline for this offense [distribution] has historically been the subject of intense criticism. That

5

substantial changes to the guideline have not yet been made does not change the almost universal concern expressed about these guidelines and the impact on the analysis of a fair and reasonable sentence. Indeed, in this District, sentences are routinely imposed below the sentencing guideline range and at or near the mandatory minimums.

It is no accident that the Sentencing Commission held public hearings on this issue. Prepared commentary of the judiciary highlights the problems associated with the current guideline structure... [See the] Statement by the Honorable M. Casey Rodgers (on behalf of the Judicial Conference of the United States Committee on Criminal Law). Judge Rodgers highlighted the difficulties experienced by the judiciary in crafting the appropriate sentence:

> Most often, our independent consideration of the section 3553(a) factors confirms the reasonableness of the recommended guidelines sentencing range. *Unfortunately, however, this is not the case in the area of child pornography offenses.*

*. . .* Judge Rodgers continued that ". . .[t]here is a common sentiment among many trial judges that these guidelines fail to provide an adequate baseline or starting point. . .which produce guideline ranges that are too high compared to the statutory range, particularly in the area of possession and receipt." . . .

One of the common concerns is that the sentencing guidelines for child pornography offenses do not assist the courts in identifying which offenders pose a danger of child sexual abuse. Indeed, a defendant like Mr. Catlett is easily swept up by Congress' broad brush strokes in fashioning the guideline. Mr. Catlett stands before the Court as an exemplar of the disparity and unfairness that the current sentencing guidelines create. Mr. Catlett has no criminal record to speak of. He did not manufacture, create or produce, child pornography. He primarily downloaded material (and then backed his date files up on hard drives across his home server, geometrically increasing the number of images by repeated duplication).

Defendant also responded to the government's memorandum in a supplement critical of some of its assertions. The government responded, disagreeing with the defendant. Suffice it to say that defendant's criticism has some merit. No useful purpose will be served by detailing the statements and criticism given the government's recommendation for a downward variance.

V.

A.

The statutory criteria for sentencing are set forth in 18 U.S.C. §3553(a). The statute directs the Court to impose a sentence that is "sufficient, but not greater than necessary, to comply with" the purposes of sentencing. These purposes include the need:

- to reflect the seriousness of the offense, to promise respect for the law, and to provide just punishment;
- to create adequate deterrence;
- to protect the public from future crimes of the defendant; and
- to provide the defendant with necessary treatment and training.

Also to be considered are:

- the nature and circumstance of the offense;
- the history and characteristics of the defendant;
- the kinds of sentences available;
- the sentencing guideline range;
- pertinent Sentencing Commission policy statements;
- the need to avoid unwarranted sentencing disparities; and

- the need to provide restitution to any victims of the offense.

B.

In commenting on sentencing, the Supreme Court has said:

> It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue.

Koon v. United States, 518 U.S. 81, 113 (1996).

And in a decision on restitution, a matter not yet before the Court, the Supreme Court in Paroline v. United States, ___ U.S. ___, 134 S.Ct. 1710, 1729, 1734 (2012), said:

> District courts routinely exercise discretion in sentencing as a general manner. . .
>
> * * *
>
> . . .district courts exercise substantial discretion in. . . imposing sentences in general. But they do not do so by mere instinct; courts are instead guided by statutory standards. . .in sentencing more generally the detailed factors in section 3553(a).

Importantly to the Court's consideration of the sentence in this case is what the Sixth Circuit said in United States v. Collins, 828 F.3d 386 (6th Cir. 2016), a child pornography case. In Collins, a district judge polled a jury who found the defendant guilty of receipt and distribution of child pornography as to an appropriate sentence. The calculated guideline range was 267 to 327 months, well above the statutory maximum for defendant's offenses of 20 years. The jury responded to an after verdict question of, "What do you believe an appropriate sentence range is?" The jurors'

8

answers ranged from zero to 60 months, with a mean of 14.5 months and median of 8 months. With one exception, every juror recommended a sentence of less than half of the five-year mandatory minimum for defendant's offenses. Each juror's recommendation was a fraction of defendant's guideline range. Id. at 388. The district judge sentenced the defendant to the mandatory minimum of five years for distribution. The government objected to the variance based on the jury poll. In affirming the mandatory minimum sentence, the Sixth Circuit made a number of relevant statements.

First, the Court of Appeals quoted the district judge as saying he considered the jury poll "as one factor in fashioning the sentence."

The Court of Appeals went on to say (internal citations omitted):

> . . . A district court abuses its discretion in the sentencing context if it "commit[s a] significant procedural error," "selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor."

828 F.3d at 388.

* * *

> District courts have the authority to "reject the Guidelines sentencing ranges based on articulated policy disagreements in a range of contexts." Indeed, we have suggested the plausibility of rejecting guidelines ranges in child pornography cases based on policy disagreements.

828 F.3d at 389.

* * *

> . . . [T]he record reflects a sufficiently detailed explanation of why [the judge] believed neither specific nor general deterrence compelled a longer sentence. (the district court need only "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a

9

>reasoned basis for exercising [its] own legal decisionmaking authority.")  The district judge cited just punishment as "the most important factor," albeit tempered by "how off the mark the Federal Sentencing Guidelines are."

828 F.3d at 390-91.

## VI.

### A.

The discussion above is the predicate for the Court's variance in the 72 month sentence imposed.  As noted, the government reasonably recommended a 96 month sentence, a significant variance.  The Court, in its discretion, found that the more appropriate variance is 72 months.  The 72 months, coupled with 10 years of supervised release, the conditions of which are described in Exhibit A attached, reflect the seriousness of defendant's offense, promote respect for the law, provides just punishment, provides an adequate deterrence to future criminal conduct, and protects the public from further conduct by the defendant.

### B.

Particularly as to defendant:

- he is not a substance abuser

- he is a high school and college graduate

- he has maintained steady employment

- he has close family connections

- he has had a troubled childhood

- he quickly accepted responsibility for his wrongdoing, and is making a massive effort to understand and correct his wrongdoing

- there is no indication he has ever or will ever molest child and poses a low risk of future sexual misconduct

- he has demonstrated remorse

- he has taken firm steps toward rehabilitation

Particularly the sentence:

- is consistent with the strictures of 18 U.S.C. §3553(a)

- is not greater than necessary to comply with 18 U.S.C. § 3553(a)

Also the Court has considered:

- the nature and circumstances of the offense, and history and characteristics of the defendant

- the need of the sentence to reflect the seriousness of an offense, adequate to deter criminal conduct; protect the public from future criminal activity and provide the defendant with for educational or vocational training, medical care or other correctional treatment

- the kinds of sentences available

- the sentencing range established by the Sentencing Guidelines

- restitution

C.

The government, in recommending a downward variance from the bottom of the guideline range of 151 months, presumably also took into consideration the § 3553(a) factors. There is no litmus test to determine who is right and who is wrong. Discretion has been defined as choice. See Aharon Barak, Judicial Discretion, 7 (Yale University Press 1987) ("Judicial discretion . . . means the power the law gives to the judge to choose among several alternatives, each of them being lawful.") Here the statutory scheme of sentencing has given the final choice of a sentence to the Court. In other

words, the government proposes, the Court disposes.

In sum, the Court is satisfied that the downward variance reflected in the sentence is appropriate, all things considered, more so than the lesser downward variance recommended by the government.


                                                 S/Avern Cohn
                                                 AVERN COHN
                                                 UNITED STATES DISTRICT JUDGE

Dated: October 26, 2016
       Detroit, Michigan