UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                Case Number 15-20482

v.                                             Honorable David M. Lawson

CHRISTOPHER CATLETT,

        Defendant.

_____/

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

Defendant Christopher Catlett has filed a motion asking the Court to reduce his sentence to time served under the authority of the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by section 603(b)(1) of the First Step Act of 2018, Pub L. 115-391, 132 Stat. 5194, 5239. Catlett has served almost three-quarters of a 72-month prison sentence for distributing child pornography. He argues that a sentence reduction is justified by his medical conditions (scoliosis, severe obstructive sleep apnea, and a history of kidney surgery) coupled with the threat of infection with the novel coronavirus in the congregant confinement of a prison setting. Because Catlett has not shown that "extraordinary and compelling reasons warrant such a reduction," as section 3582(c)(1)(A)(i) requires, his motion to reduce his sentence will be denied.

I.

Catlett pleaded guilty to a single count of distributing child pornography, and on October 4, 2016, the Honorable Avern Cohn sentenced him to 72 months in prison. He presently is confined by the Bureau of Prisons (BOP) at FCI Ashland, in Ashland, Kentucky, which is a low security facility that houses around 940 inmates. Catlett is 36 years old. He has served approximately 51 months or around 70% of his custodial sentence. Public records of the BOP indicate that the defendant is scheduled to be released from prison on January 7, 2022.

The most recent data disclosed by the BOP indicates that there are no active coronavirus cases among inmates and seven among staff at the Ashland facility, although 338 inmates and 62 staff previously were diagnosed and now have recovered. Reports indicate that six inmates have died. *See* https://www.bop.gov/coronavirus/. The BOP also recently began reporting data on the number of COVID-19 vaccinations that it has administered to staff and inmates. The available data indicate that 120 staff and 100 inmates fully have been vaccinated at the Ashland facility.

II.

As a general rule, "a federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)). "But that rule comes with a few exceptions, one of which permits compassionate release." *Ibid.* "The request may come through a motion in federal court filed by the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A). Or it may come through a motion filed by the inmate after he has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [prisoner]'s behalf' or after 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner]'s facility, whichever is earlier.'" *Ibid.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

Upon a proper motion via either avenue, the Court may, "[a]fter 'considering the factors set forth in section 3553(a) . . . reduce the prisoner's sentence if it finds that 'extraordinary and compelling reasons warrant such a reduction' or if the '[prisoner] is at least 70 years of age,' has 'served at least 30 years,' and meets certain other conditions." *Ibid.* (quoting 18 U.S.C. § 3582(c)(1)(A)(i), (ii)). Catlett relies on subparagraph (i) of the statute. Under that provision, the Court can order a reduction of a sentence, even to time served, by following a procedure that the court of appeals has distilled into three steps. *First*, consider whether "extraordinary and

compelling reasons warrant such a reduction." *Second*, determine if the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Third*, "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." *United States v. Ruffin*, 978 F.3d 1000, 1004-06 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)).

The Sentencing Commission's policy statement to be considered under step two is found in U.S.S.G. § 1B1.13, which simply recites the statute. The commentary adds gloss, which does not have the force of law. *United States v. Havis*, 927 F.3d 382, 386 (6th Cir.), *reconsideration denied,* 929 F.3d 317 (6th Cir. 2019) (*en banc*) (holding that the "commentary has no independent legal force — it serves only to *interpret* the Guidelines' text, not to replace or modify it"). That has led the court of appeals in its evolving guidance on the subject to hold that district courts should dispense with step two when the motion for compassionate release comes from a prisoner and not the BOP. *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020) ("We now join the majority of district courts and the Second Circuit in holding that the passage of the First Step Act rendered § 1B1.13 'inapplicable' to cases where an imprisoned person files a motion for compassionate release.") (citing *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020)).

More recently, the court of appeals took the explanation a step further. In *United States v. Elias*, 984 F.3d 516 (6th Cir. 2021), the court ascribed Congress's amendment of section 3582(c)(1) to the BOP's "rare[]" exercise of its power to move for sentence reductions, that "the program was plagued by mismanagement," and that "the BOP 'ha[d] no timeliness standards for reviewing . . . requests.'" 984 F.3d at 518 (quoting *United States v. Brooker*, 976 F.3d 228, 231-32 (2d Cir. 2020)). It reaffirmed *Jones*'s holding "that § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions." *Id.* at 519-20. It then held that "in the absence

- 3 -

of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Ibid.*

The government continues to resist the holding in *Jones*, calling it "*dicta*" and professing to 'preserve" its argument against the application of that case's teachings. However, after *Elias*, there is not much argument to preserve; *Elias* is controlling circuit precedent.

A.

The government concedes that the request for release has been properly exhausted, so that threshold requirement for relief has been satisfied.

B.

Addressing the first element — extraordinary and compelling reasons — Catlett contends that he has several medical conditions that subject him to an elevated risk of complications from the highly-contagious novel coronavirus. He asserts that his history of unspecified childhood "kidney disease," for which he was treated surgically, scoliosis, and "severe obstructive sleep apnea" all elevate his medical risk.

In *Jones*, the court of appeals noted that a prisoner may establish "extraordinary and compelling reasons" warranting early release either where he "has COVID-19 (because [the inmate] may suffer from serious long-term health problems and potentially may require treatment that he cannot receive [while in custody]), or where he does *not* have COVID-19 (because [other] medical issues put [him or her] at risk of contracting the virus)." *Jones*, 980 F.3d at 1106 n.6. And the defendant is justifiably concerned about the health risks posed by his incarceration. "The COVID-19 virus is highly infectious and can be transmitted easily from person to person. COVID-19 fatality rates increase with age and underlying health conditions such as cardiovascular disease, respiratory disease, diabetes, and immune compromise. If contracted, COVID-19 can cause severe

complications and death. . . . [T]he Centers for Disease Control and Prevention ("CDC") recommends preventative measures to decrease transmission such as physical distancing, mask wearing, and increasing focus on personal hygiene such as additional hand washing." *Wilson v. Williams*, 961 F.3d 829, 833 (6th Cir. 2020). "The COVID-19 pandemic is extraordinary and unprecedented in modern times in this nation. It presents a clear and present danger to free society for reasons that need no elaboration." *United States v. Ortiz*, No. 16-439, 2020 WL 3640582, at *2 (S.D.N.Y. July 6, 2020).

Moreover, "the crowded nature of federal detention centers presents an outsize risk that the COVID-19 contagion, once it gains entry, will spread. And, realistically, a high-risk inmate who contracts the virus while in prison will face challenges in caring for himself. For these reasons, in the past months, numerous [federal] courts . . . have ordered the temporary release of inmates held in pretrial or presentencing custody and, in more limited instances, the compassionate release of high-risk inmates serving federal sentences." *Ibid.* (collecting cases; footnotes omitted).

It is widely recognized and publicly acknowledged that persons with certain medical conditions face an increased risk of severe consequences from potential COVID-19 infection. *United States v. Lassiter*, No. 17-232, 2020 WL 3639988, at *4 (D. Md. July 6, 2020) ("The risk factors include age (over 65); lung disease; asthma; chronic kidney disease; serious heart disease; obesity; diabetes; liver disease; and a compromised immune system.") (citing Coronavirus Disease 2019 (COVID-19), People Who Are at Risk for Severe Illness, Centers for Disease Control & Prevention (June 25, 2020), https://bit.ly/2WBcB16). It is appropriate for the Court to consult the CDC guidelines and other "scientific journal[s]" when determining whether extraordinary and compelling reasons exist. *Elias*, 984 F.3d at 521.

The pandemic guidelines published by the CDC, which regularly have been updated over the past year with the benefit of ongoing research about the COVID-19 disease, do not list any of the defendant's diagnosed medical conditions as recognized serious medical risk factors. *See* CDC Risk Factors: People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Feb. 19, 2021) (emphases added). The CDC guidance does identify "chronic kidney disease" and "chronic obstructive pulmonary disease" as risk factors, but the available medical records do not indicate that the defendant has been diagnosed with either of those serious conditions. The medical records contain no notes about any diagnosis or treatment for kidney disease. The government represents in its opposition that notes from the PSIR indicate that the defendant had surgery for a "mega ureter" condition when he was a child, and he does not dispute that recitation of the medical history concerning his kidney condition. There is no indication in the medical history of any diagnosis with or treatment for any chronic kidney disease. The defendant was diagnosed in June 2019 with "severe obstructive sleep apnea," *see* Medical Notes dated June 14, 2019, ECF No. 56-1, PageID.359. But nothing in his medical records indicates a diagnosis of COPD or any analogous severe lung disease, and "sleep apnea" is not a recognized serious medical risk factor under the currently published CDC guidelines.

Moreover, another pertinent consideration is the probability that the defendant may be exposed to the coronavirus in his present situation, which in this case appears to be nil. Recent reports indicate that the probability of infection at Ashland, although once quite high, now is very low, with no active cases among inmates. The defendant has no recognized serious medical risk factors, and there are no active coronavirus cases among inmates at his facility. He therefore has

not established sufficiently that he presently faces an extraordinary and compelling medical risk that warrants his release.

C.

Because the defendant has not demonstrated extraordinary and compelling reasons to reduce his sentence, the Court need not discuss the relevant section 3553(a) factors.

III.

Catlett has exhausted his administrative remedies. However, he has not demonstrated that compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) is justified.

Accordingly, it is **ORDERED** that the defendant's motion for compassionate release (ECF No. 44) is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:  March 8, 2021